No. 23-20516

# In the United States Court of Appeals for the Fifth Circuit

GREAT LAKES DREDGE & DOCK COMPANY, LLC,
*Plaintiff-Appellant*
v.
CHRIS MAGNUS, COMMISSIONER,
U.S. CUSTOMS AND BORDER PROTECTION;
ALEJANDRO MAYORKAS, ACTING SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,
*Defendants-Appellees*

and

AMERICAN PETROLEUM INSTITUTE,
*Intervenor Defendant-Appellee.*

On Appeal from the United States District Court
for the Southern District of Texas, Houston District

**PLAINTIFF-APPELLANT'S OPPOSITION TO MOTION FOR EXTENSION OF TIME**

John Longstreth
Mark H. Ruge
Tre A. Holloway
K&L GATES LLP
1601 K Street, N.W.
Washington, DC 20006
(202) 778-9000 (Tel.)
(202) 778-9100 (Fax)
john.longstreth@klgates.com
mark.ruge@klgates.com
tre.holloway@klgates.com

Beth Bivans Petronio
K&L GATES LLP
1717 Main Street, Suite 280
Dallas, Texas 75201
(214) 939-5500 (Tel.)
(214) 939-5849 (Fax)
beth.petronio@klgates.com

Having already received a thirty-day extension of its time to file its Appellee Brief— to a date already four business days later than the filing date of the Federal Defendants-Appellees—Intervenor Defendant-Appellee American Petroleum Institute ("API") now seeks a further two-week extension. API claims, somewhat surprisingly, that it was unprepared for the Federal Defendants-Appellees concession that Appellant Great Lakes Dredge & Dock's ("Great Lakes") has standing—even though the Federal Defendants-Appellees criticized API's standing argument in the district court and refused to adopt it. Motion, at 1-2. There is no good cause for the motion, and it should be denied.

**The Standing Issue That API Alone Has Raised In This Case**

This case presents the legal issue whether the Jones Act, which requires that ocean transportation of cargo between two points in the United States be made on vessels that are U.S.-built, -owned, and -documented, *see* 46 U.S.C. § 55102(b), applies to the transportation of scour rock from points in the United States to the "subsoil and seabed of the outer Continental Shelf." *See* 43 U.S.C. § 1333(a)(1)(A). Great Lakes, which is building a Jones Act-compliant vessel to carry scour rock from U.S. points to the seabed of the Outer Continental Shelf, contends that the plain language of the statue unambiguously supports its position. Great Lakes sought a ruling from U.S. Customs and Border Protection ("CBP") to confirm that position. CBP for a short time agreed, but under pressure from API switched course and held

that foreign-owned, flagged, and built vessel could carry scour rock without violating the Jones Act.

CBP never at any point in the agency process questioned Great Lakes' ability to seek this ruling, suggested in any way that Great Lakes' plans were too hypothetical or speculative, or indicated that it was confused by what Great Lakes was planning. And when Great Lakes sued in the district court to overturn the revised CBP ruling that allowed foreign competition against its planned vessel, CBP did not challenge Great Lakes' standing.

API, on the other hand, did question Great Lakes' standing in the district court, based on the notion that Great Lakes' initial ruling request had referenced a different vessel, and that Great Lakes' plans were somehow too confusing and speculative to give it a proper stake in the ruling. CBP did not join that argument in the district court, instead explaining in a footnote that if at any point it had been unsure about Great Lakes' plans it could and would have sought clarifying information. See There has never been the slightest suggestion at any point in this case that CBP considered API's standing argument to have the slightest merit. Nonetheless, without referring to CBP's position, the district court ruled in a very brief opinion that Great Lakes did not have standing because it "cannot timely complete the project." ROA.1822.

**There Is No Good Cause For An Extension**

If API had any doubt that CBP was not buying its standing argument, it should have been dispelled when the Federal Defendants-Appellees based their level 1 extension request not only on the time pressure of other cases, but also because the extension was "necessary to provide sufficient time for necessary intra-governmental coordination regarding the standing issue raised on appeal—on which the government has not previously taken a position. . . ." Letter from Caroline D. Lopez to Lyle W. Cayce, at 1 (Dec. 19, 2023)(Doc #46). That certainly gave "notice," if any were needed, that there was a very serious likelihood that CBP would not agree with API's standing argument on appeal. When CBP filed its appellee brief it did not defend the district court's standing ruling, a position that was easily foreseeable given the history of this case.

API complains that "it must now respond to the new standing arguments presented by Federal Defendants-Appellees," including "a theory for Appellant's standing that Appellant itself did not assert," and notes that "Federal Defendants-Appellees have disputed Appellant's own 'expansive theory of standing.'" Motion at 4. Even the briefest look at Federal Defendants-Appellees' discussion of standing, which takes up just under six pages of its brief (pp. 18-23), shows that these contentions are far overblown. Almost all of the cases CBP cites on standing were also cited and relied on by Great Lakes in its opening brief, and the arguments track

closely, as would be expected given that the matter is so clear. The daylight between Federal Defendants-Appellees' characterization of Great Lakes' view of standing and their own cautionary position at the end of this discussion is negligible, and in any event irrelevant to this case.

If API was preparing to defend its standing argument as diligently as it claims, the four days it already has to address any new twists in CBP's filing should be ample time to do so. API does not explain the supposed "new theory of standing" it has to address, but as noted CBP's position on standing in this case tracks Great Lakes' argument. It does not warrant any extension of time, much less the two weeks API seeks.

Finally, Great Lakes would be prejudiced by further delay in resolution of this case. It has already been over four years since Great Lakes first requested a ruling on this issue from CBP. Great Lakes is in the process of contracting for the use of the Jones Act vessel it is having constructed in the United States, and is making plans for another vessel dependent on certainty as to the applicable regulatory regime. While Great Lakes has been courteous about scheduling matters in this proceeding, it cannot agree to an unwarranted extension in light of this prejudice.

The motion should be denied.

Respectfully submitted,

By: */s/* Beth Bivans Petronio

    **Beth Bivans Petronio**
    Texas State Bar No. 00797664
    **K&L GATES LLP**
    1717 Main Street, Suite 2800
    Dallas, TX 75201
    (214) 939-5500 (Tel.)
    (214) 939-5849 (Fax)
    beth.petronio@klgates.com

    John Longstreth
    Mark H. Ruge
    Tre A. Holloway
    **K&L GATES LLP**
    1601 K Street, N.W.
    Washington, DC 20006
    (202) 778-9000 (Tel.)
    (202) 778-9100 (Fax)
    john.longstreth@klgates.com
    mark.ruge@klgates.com
    tre.holloway@klgates.com

    **ATTORNEYS FOR PLAINTIFF-
    APPELLANTS GREAT LAKES
    DREDGE & DOCK COMPANY, LLC**

February 13, 2024

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on February 13, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*/s/Beth Bivans Petronio*
**Beth Bivans Petronio**